**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff/Respondent, ) | No. CV 15-046-TUC-CKJ |
| ) | |
| vs. ) | CR 11-2275-TUC-CKJ |
| ) | |
| Jesus Arcila-Torres, ) | **ORDER** |
| ) | |
| Defendant/Movant. ) | |

Pending before the Court is the Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (CV 15-046, Doc. 1; CR 11-2275, Doc. 38) filed by Movant Jesus Arcila-Torres ("Arcila-Torres").

I. *Procedural Background*

On June 29, 2011, Arcila-Torres was indicted on one count of Re-Entry After Deportation. The matter was scheduled for a change of plea hearing on May 2, 2012. During the hearing, the following occurred:

> THE COURT: . . . Do you understand that the maximum penalties in regard to that charge is a fine of $250,000, 20 years imprisonment, supervised release of up to three years, and a special assessment is applicable in the amount of $100?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Are we aware of what this gentleman's Criminal History might end up being or are we just going –
>
> [DEFENSE ATTORNEY]: That's the question, Your Honor. There is -- he has a -- well, a number of charges in the past, but the thing that I think will potentially lead to a lower Criminal History Level is, a lot of them say, no complaint filed, dismissed, no complaint filed, no complaint filed, or he pled to a misdemeanor.

> So I don't think he's going to have a super high Criminal History Category. But as I explained to my client, that's through the -- my eyes as a defense attorney.
>
> And I briefly spoke with counsel about that. That he had a felony charge back in 2002 and then this one. So I guess we'll have to see -- it will probably be at least Category II.
>
> THE COURT: Okay. Thank you.
>
> Of course it is a graduated amount, and I'm sure the defendant understands that. But if it were a Category II, the term of imprisonment would be 33 to 46 months. Of course if it ends up being something higher than that, then it would accordingly go up as well.
>
> Okay. And if it's determined that the defendant was on supervised release at the time the present offense was committed, that does change that as well, Category II, 21 to 30 months.

Change of Plea Transcript (Doc. 40) ("COP Tr."), pp. 3-4.

> THE COURT: Have you had enough time to talk to your lawyer about your case?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Are you satisfied with his representation of you?
>
> THE DEFENDANT: Yes.

*Id.* at p. 6

> THE COURT: . . . . Do you understand the charge here?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And further, what the possible penalty involved is?
>
> THE DEFENDANT: Yes.

*Id.* at p. 7

> PROSECUTOR: For sentencing purposes, the defendant was convicted of armed robbery, an aggravated felony, on October 25, 2005. He was represented by an attorney and sentenced to four years in prison.
>
> In addition, the defendant was under a term of supervised release when the present offense was committed.

*Id.* at p. 8.

The plea agreement stated that the offense was subject to a maximum term of imprisonment of 20 years, but provided ranges of sentences Arcila-Torres faced depending on the offense level and criminal history. The plea agreement also provided that the "precise

1  level of offense and number of months sentence imposed will be determined by the court
2  based upon the defendant's criminal record." Plea Agreement, Doc. 26, p. 4.
3        This matter proceeded to sentencing on July 12, 2012. During the sentencing
4  proceeding, the Court stated:

> THE COURT: . . . There was an enhancement of 16 levels because the defendant was convicted of armed robbery, in violation of Arizona Revised Statutes 13-1904(A)(1), which is an enumerated felony crime of violence pursuant to 2L1.2, comma, and (1)(B)(iii).
>
> The Offense Level is 21. The Criminal History Category is VI.
>
> Prior to the agreement of the parties the imprisonment range is 77 to 96 months, one to three years of supervised release, and 7500 to $75,000 fine, and a $100 special assessment.
>
> As I've indicated, the parties have stipulated to reduce the sentencing range to 87 -- 63 to 87 months. The Court thereby sets that as the new Advisory Guideline Range.

Sentencing Transcript (Doc. 41) ("SE Tr."), pp. 3-4. Additionally, the following occurred at the sentencing proceeding:

> [DEFENSE ATTORNEY]: Your Honor, you know, I know my client has some things he'd like to talk to the Court about. He expressed some confusion. I think it sometimes is confusing for the defendants in these cases the way the pleas are with the broad range of possible sentences. And, you know, we have kind of an idea, and then oftentimes when we get the Presentence Report we, you know, realize the magnitude of the priors and how they're going to impact it. And I know that that's also confusing for –

*Id*. at p. 4.

> THE DEFENDANT: Thank you.
>
> Yes, Your Honor. I just want you -- want to say that it seems to me that there's a lot of -- it's a lot of time that I'm facing. The plea that I was offered in the beginning said 45 months maximum, and now the sentence has been raised to between 63 and 75. I do not agree with so much time. I would just like to ask you if you could be considerate and give me the least amount of time possible. This is the last time that I will come back. I will not come back again. I know that it's a lot of time if I were to come back. So this is the last time that I plan to ever come back. Because, what's waiting for me if I do come back?
>
> That's all I have to say. Thank you.

*Id*. at p. 7. Arcila-Torres was sentenced to a 75 month term of imprisonment to be followed by a 36 month term of supervised release.

      On or about September 12, 2014, Arcila-Torres sent a letter to the Clerk of Court

1  which informed the Court that Arcila-Torres had made several attempts to contact his
2  attorney. Attached to the letter to the Clerk of Court is a copy of a September 12, 2014, letter
3  Arcila-Torres sent to counsel requesting a copy of his plea agreement, the indictment,
4  judgment of conviction, motions and other information. On September 18, 2014, the letter
5  and attachment was docketed as a Motion to Vacate and a civil case was initiated. *See* CV
6  14-2381-TUC-CKJ. On October 3, 2014, Arcila-Torres submitted a supplemental filing in
7  which he refers to the September 18, 2014, letter to counsel as the original request to
8  counsel. Arcila-Torres also stated that he did not have the documents or records in which
9  he could prepare § 2255 briefs.

10  On or about October 29, 2014, the Court ordered the Clerk of Court to
11  administratively close the case, enter judgment accordingly, and correct docket entry No. 37
12  in CR 11-2275-TUC-CKJ to reflect that the filing at that entry is a letter that required no
13  order from the Court. The Court also directed that a court-approved form for filing a Motion
14  to Vacate, Set Aside or Correct Sentence By a Person in Federal Custody (28 U.S.C. §2255)
15  be mailed to Arcila-Torres.

16  On January 29, 2015, Arcila-Torres filed the pending Motion to Vacate, Set Aside,
17  or Correct Sentence by a Person in Federal Custody, pursuant to Title 28, United States
18  Code,
19  Section 2255 regarding his conviction in CR-11-2275-TUC-CKJ. A response and a reply
20  have been filed.

21
22  II. *Waiver of Right to File 28 U.S.C. § 2255 Petition*

23  A waiver generally will be enforced if the agreement, by its terms, expressly waives
24  the right and the waiver is knowingly and voluntarily made. *United States v. Nunez*, 223
25  F.3d 956, 958 (9th Cir. 2000); *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994);
26  *United States v. Vences*, 169 F.3d 611 (9th Cir. 1999)(sentence was not illegal where it was
27  authorized by the judgment of conviction and was not in excess of the statutory penalty). In
28  this case, the plea agreement provided that Arcila-Torres waived any right to appeal the

1 Court's entry of judgment or sentence and waived any right to collaterally attack his
2 conviction and sentence under 28 U.S.C. § 2255 or any other collateral attack.  The plea
3 agreement further precludes Arcila-Torres from filing any and all motions attacking the
4 judgment and sentence providing the sentence was consistent with the plea agreement.
5 Arcila-Torres's sentence of 75 months is consistent with the plea agreement and its stipulated
6 ranges of sentence.

7 However, the Ninth Circuit has left "open the possibility that [a habeas petitioner]
8 might raise [an] ineffective assistance argument on federal habeas procedure, through a §
9 2255 motion, notwithstanding that [his] appeal waiver covered 'all his waivable statutory
10 rights to file a petition pursuant to 28 U.S.C. § 2255 challenging the length of his sentence.'"
11 *United States v. Jeronimo*, 398 F.3d 1149, 1156 n.4 (9th Cir. 2005) (overruled on other
12 grounds by *United States v. Jacobo-Castillo*, 496 F.3d 947, 957 (9th Cir. 2007) (en banc)).
13 "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of
14 the offense with which he is charged, he may not thereafter raise independent claims relating
15 to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.
16 He may only attack the voluntary and intelligent character of the guilty plea by showing that
17 the advice he received from counsel was [deficient]." *Tollett v. Henderson*, 411 U.S. 258,
18 267 (1973).  Indeed, "[a] defendant who pleads guilty upon the advice of counsel may only
19 attack the voluntary and intelligent character of his guilty plea by showing that the advice he
20 received from counsel was not within the range of competence demanded of attorneys in
21 criminal cases." *United States v. Signori*, 844 F.2d 635, 638 (9th Cir.1988); *see also United
22 States v. Ruiz*, 241 F.3d 1157, 1165 (9th Cir. 2001) (reversed on other grounds, quoting
23 *DeRoo v. United States*, 223 F.3d 919, 923-24 (8th Cir. 2000) ("a 'decision to enter into a
24 plea agreement cannot be knowing and voluntary when the plea agreement itself is the result
25 of advice outside the range of competence'")).

26 If Arcila-Torres's decision to enter the plea of guilty was based on the erroneous
27 advice of counsel, it cannot be said that the decision to enter the plea of guilty was knowing
28 and voluntary.  The Court finds Arcila-Torres has not waived the right to bring this § 2255

- 5 -

motion.

III. *Limitations Period of One Year*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year statute of limitations for 28 U.S.C. § 2255 motions. *See* 28 U.S.C. § 2255; *United States v. Skurdal*, 341 F.3d 921 (9th Cir. 2003). The limitations period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*United States v. Monreal*, 301 F.3d 1127, 1131 n.\*\* (9th Cir. 2002) (quoting 28 U.S.C. § 2255).

A judgment of conviction becomes final at "the end of the time available for direct appeal." *United States v. Garcia*, 210 F.3d 1058, 1061, n.4 (9th Cir. 2000); *see also Griffith v. Kentucky*, 479 U.S. 314, 321 n. 6 (1987). Judgment was entered in this case on July 12, 2012. Arcila-Torres had 14 days from that date to file a notice of appeal, Fed.R.App.P. 4(b)(1)(A), which he did not do. For purposes of calculating the limitations period, the judgment of conviction became final on July 26, 2012. Therefore, neither the September 18, 2014, nor the January 29, 2015, motion were filed within the one year limitations period. The Court finds Arcila-Torres's § 2255 motion was not timely filed.

IV. *Equitable Tolling*

The Ninth Circuit has held that the statute of limitations may be equitably tolled in a 28 U.S.C. § 2255 action if "(1) the petitioner has diligently pursued his rights, and (2) extraordinary circumstances exist." *United States v. Aguirre-Ganceda*, 592 F.3d 1043, 1045 (9th Cir. 2010), *citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also United States*

- 6 -

1 *v. Battles*, 362 F.3d 1195, 1196-97 (9th Cir. 2004). Few cases justify equitable tolling, *Shannon v. Newland*, 410 F.3d 1083, 1090 (9th Cir. 2005), and "the threshold necessary to trigger equitable tolling . . . is very high." *Aguirre-Ganceda*, *quoting Mendoza v. Carey*, 449 F.3d 1065, 1068 (9th Cir. 2006)). Moreover, the burden to establish the requirements of equitable tolling is on a petitioner. *Pace*, 544 U.S. at 418; *see also Holland v. Florida*, 560 U.S. 631 (2010) (petitioner must establish he is entitled to equitable tolling in § 2254 action). Indeed, "[e]quitable tolling is not even a possibility until a petitioner submits proof that external forces, and not a petitioner's lack of diligence, accounted for the failure to file a timely petition." *Smith v. Ratelle*, 323 F.3d 813, 821 (9th Cir. 2003); *see also Waldron-Ramsey v. Pacholke*, 556 F.3d 1008. 1011 (9th Cir. 2009), *quoting Harris v. Carter*, 515 F.3d 1051, 1054 (9th Cir. 2008) (applying "the doctrine in 'extraordinary circumstances' necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances 'stood in his way' suggests that an external force must cause the untimeliness, rather than, as we have said, merely "oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling'").[1]

Arcila-Torres asserts he was delayed by counsel's failure to provide him with his case documents. In an effort to obtain the case documents, Arcila-Torres also submitted a letter to this Court and made a request pursuant to the Freedom of Information Act. The Ninth Circuit has recognized that the egregious misconduct of an attorney in failing to return a file to a client may justify equitable tolling. *Spitsyn v. Moore*, 345 F.3d 796, 801 (9th Cir. 2003). However, a petitioner must also show that he exercised reasonable diligence. *Id*. at 802 (quoting *Id*. at 802 (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (4th Cir. 2000) ("if the person seeking equitable tolling has not exercised reasonable deligence (sic) in attempting to file, after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken").

---

[1] For the purpose of equitable tolling, 28 U.S.C. §§ 2254 and 2255 are treated similarly. *Battles*, 362 F.3d at 1196-97.

- 7 -

While the September 12, 2014, letter to the Clerk of Court refers to several attempts by Arcila-Torres to contact his attorney, the documents also refer to the original September 12, 2014, request to counsel. Arcila-Torres has made no allegation as to when he first sought to receive records from counsel. In other words, Arcila-Torres has not alleged he first sought the documents shortly after the judgment of conviction was entered, which would indicate reasonable diligence. Conversely, Arcila-Torres has not alleged that his first efforts to contact counsel were only a few weeks before the submission of September 12, 2014, letter, which would indicate that Arcila-Torres did not exercise reasonable diligence.

Further, Arcila-Torres attaches documents to his reply. While these documents establish Arcila-Torres was seeking documents in 2013, they do not establish that he acted with reasonable diligence. For example, although the June 17, 2013, correspondence from the United States Department of Justice indicates Arcila-Torres was seeking documents at that time, the documents indicate what actions Arcila-Torres must take before his request could be acted upon – Arcila Torres has not shown that he diligently complied with the requirements (e.g., agreement to pay fee or request a fee waiver). Similarly, Arcila-Torres has attached a January 28, 2013 letter from the Clerk of Court directing Arcila-Torres to specify which documents he sought copies of – Arcila-Torres has not shown that he took any actions in response to this request.

The government raised the statute of limitations issue in its response. Although Arcila-Torres could have alleged additional facts in his reply to support a claim of equitable tolling, he did not. The Court finds Arcila-Torres has failed to meet the burden of establishing the requirements of equitable tolling – Arcila-Torres has not shown or alleged that external forces, as opposed to his lack of diligence, accounted for the failure to file a timely petition.

The Court finds Arcila-Torres has not established extraordinary circumstances warranting equitable tolling. The Court will dismiss Arcila-Torres's habeas petition as untimely. However, the Court will also briefly address the merits of Arcila-Torres's petition.

V.  *Ineffective Assistance of Counsel*

To prevail on a claim of ineffective assistance of counsel, Arcila-Torres must satisfy a two prong test, demonstrating:  (1) deficient performance, such that counsel's actions were outside the wide range of professionally competent assistance, and (2) that Arcila-Torres was prejudiced by reason of counsel's actions.  *Strickland v. Washington*, 466 U.S. 668, 686-90, 104 S.Ct. 2052, 2064-66, 80 L.Ed.2d 674 (1984); *Correll v. Stewart*, 137 F.3d 1404, 1411 (9th Cir. 1998).  "Failure to satisfy either prong of the Strickland test obviates the need to consider the other."  *Rios v. Rocha*, 299 F.3d 796, 805 (9th Cir. 2002).

Arcila-Torres asserts that counsel was ineffective by incorrectly advising Arcila-Torres of the sentencing range he faced under the plea agreement.  Where a claim involves alleged occurrences outside the record, a hearing is not required if the allegations "viewed against the record, either fail to state a claim for relief or are 'so palpably incredible or patently frivolous as to warrant summary dismissal.'"  *Marrow v. United States*, 772 F.2d 525, 526 (9th Cir.1985), *quoting United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir.1984).  Where the allegations of a petitioner contradict statements made in court, credibility must be assessed.  *Shah v. United States*, 878 F.2d 1156, 1159 (9th Cir. 1989). An evidentiary hearing is not required where the issue of credibility may be "conclusively decided on the basis of documentary testimony and evidence in the record."  *Watts v. United States*, 841 F.2d 275, 277 (9th Cir.1988).[2]  Also, courts may expand the record with other documentary evidence, use their own notes and recollections, and use common sense.  *Shah*, 878 F.2d at 1159; *see also United States v. Espinoza*, 866 F.2d 1067, 1070 (9th Cir. 1988). During the change of plea proceeding, counsel stated that Arcila-Torres had a number of past charges.  He also stated that, although he did not think Arcila-Torres would have a super high criminal history category, he had explained to Arcila-Torres that the opinion was through the

---

[2] However, a hearing may be required "in spite of 'the barrier of the plea or sentencing procedure record [which], although imposing, is not invariably insurmountable.'" *Shah*, 878 F.2d at 1158, *quoting Blackledge v. Allison*, 431 U.S. 63, 74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977).

- 9 -

1  eyes of a defense attorney. Additionally, the court stated that if Arcila-Torres's criminal
2  history was a Category II, the term of imprisonment would be 33 to 46 months, but if the
3  criminal history category was higher, the term of imprisonment would also increase.
4  Additionally, Arcila-Torres acknowledged in open court that he had had enough time to talk
5  to his lawyer and that he was satisfied with the representation. Further, after the discussion
6  by counsel and the court as to the uncertainty of the sentencing range based on the unknown
7  criminal history category, Arcila-Torres stated he understood the possible penalty.

8  Additionally, the plea agreement stated that the possible maximum term of
9  imprisonment faced by Arcila-Torres and provided the ranges of sentences Arcila-Torres
10 faced depending on the offense level and criminal history. The plea agreement also provided
11 that the "precise level of offense and number of months sentence imposed will be determined
12 by the court based upon the defendant's criminal record." Plea Agreement, Doc. 26, p. 4.

13 In light of the statements made by counsel and Arcila-Torres in open court and the
14 provisions of the plea agreement, the Court finds Arcila-Torres has failed to state a claim for
15 ineffective assistance of counsel. Rather, the record establishes counsel discussed not only
16 the best-case scenario as to the criminal history category, but also that it was not known what
17 the sentencing range would be. Further, although the statements imply counsel advised
18 Arcila-Torres of all possible sentencing ranges, even if counsel did not explain all of the
19 options, the plea agreement provided the possible ranges of sentence to Arcila-Torres and
20 Arcila-Torres stated that he understood the maximum penalty he faced. Additionally, Arcila-
21 Torres stated he understood what was going on, had discussed the case with counsel, was not
22 threatened or forced to enter a plea of guilty, and had not received any promises other than
23 those contained within the plea agreement. The Court finds Arcila-Torres is not entitled to
24 habeas relief on this claim.

26 VI. *Certificate of Appealability ("COA")*

27 Rule 11(a), Rules Governing Section 2255 Proceedings, requires that in habeas cases
28 the "district court must issue or deny a certificate of appealability when it enters a final order

- 10 -

1  adverse to the applicant." Such certificates are required in cases concerning detention arising
2  "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking
3  a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1). Here, the motion is
4  brought pursuant to 28 U.S.C. § 2255. This Court must determine, therefore, if a COA shall
5  issue.

6  The standard for issuing a COA is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. In the certificate, the Court must indicate which specific issues satisfy the showing. *See* 28 U.S.C. § 2253(c)(3).

This Court determined that Arcila-Torres's motion is untimely under the one-year statute of limitations of the AEDPA. This Court further determined that there is no basis for equitable tolling of the statute of limitations. Additionally, the Court has determined that ineffective assistance of counsel has not been established. The Court finds that jurists of reason would not find it debatable whether the motion stated a valid claim of the denial of a constitutional right and the Court finds that jurists of reason would not find it debatable whether this Court was correct in its procedural rulings. A COA shall not issue as to Arcila-Torres's claim.

Any further request for a COA must be addressed to the Court of Appeals. *See* Fed. R.App. P. 22(b); Ninth Circuit R. 22-1.

Accordingly, IT IS ORDERED:

1. Arcila-Torres's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (CV 15-046, Doc. 1; CR 11-2275, Doc. 38) is DENIED.

2. Cause No. CV 15-046 is DISMISSED, and;

3. The Clerk of the Court shall enter judgment and shall then close its file in Cause No. CV 15-046.

4. A Certificate of Appealability shall not issue in this case.

DATED this 15th day of September, 2015.

*Cindy K. Jorgenson*
Cindy K. Jorgenson
United States District Judge